IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,        :
                                 :
            v.                   :
                                 :        NO: 3:17-CR-00105
JACKIE JOHNSON,                  :        (JUDGE MARIANI)
                                 :
            Defendant.           :
                                 :
                                 :

## MEMORANDUM

Presently before the Court are three interrelated pretrial motions, motion to compel

disclosure of identity of confidential informant (Doc. 40), motion to compel production of

audio recordings (Doc. 42), and motion to suppress statements of Defendant (Doc. 45). For

the reasons that follow, each of Defendants motions will be denied without prejudice.

## I. FACTUAL BACKGROUND

On April 11, 2017, a grand jury returned a three-count indictment against Defendant.

(Doc. 1). Each count charges Defendant with distribution and possession with intent to

distribute controlled substances in violation of 21 U.S.C. § 841 (a)(1). (*Id.*). These charges

were based on controlled purchases of narcotics, which were conducted by investigators

with the aid of a confidential informant on July 27, 2016, August 3, 2016, and December 20,

2016. (*Id.*; Doc. 65, at 2). During the second controlled purchase on August 3, 2016, a

confidential informant wore a body recorder, which made audio recordings of the interaction.

(Unofficial Transcript of the Evidentiary Hearing on July 14, 2020, at 14:17-16:6). Both

parties have stipulated that "there were only audio recordings made on the second

controlled purchase," and Defendant's voice is present on these audio recordings.
(Unofficial Transcript, at 15:25-16:13).

On May 23, 2018, Defendant filed four pre-trial motions, including motion to compel

disclosure of identity of confidential informant (Doc. 40), motion to compel production of

audio recordings (Doc. 42), and motion to suppress statements of Defendant (Doc. 45),

which all relate to the use of this body recorder and the audio recordings produced. On May

11, 2020, the Government filed a brief in opposition. (Doc. 65). On July 14, 2020, the Court

held an evidentiary hearing on Defendant's pretrial motions. (Doc. 66).

## II. DISCUSSION

### A. Motion to Compel Production of Audio Recordings

Defendant argues that under Rule 16 (a)(1)(B)(i), he needs "a copy of all audio

recordings" of himself in order to prepare his defense. (Doc. 43, at 3). The Government "has

not produced a copy to defendant in order to protect the identity of the informant." (Doc. 65,

at 3-4). Instead, the Government allowed Defense counsel to listen to a copy of the audio

recordings and offered to "create and produce a transcript of the recording for the

defendant's review, redacting any portions of the informant's statements that could identify

the informant," if the Court deems it necessary. (*Id.* at 12 n.2). At the evidentiary hearing,

the Government reiterated its offer to produce a redacted transcript of the audio recordings.

(Unofficial Transcript, at 26:8-9).

Federal Rule of Civil Procedure 16 (a)(1)(B)(i) provides that "[u]pon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, . . . any relevant written or recorded statement by the defendant if: [the] statement is within the government's possession, custody, or control; and [] the attorney for the government knows—or through due diligence could know—that the statement exists." Pursuant to Rule 16 (a)(1)(B)(i), the Government must disclose the audio recordings of the August 3, 2016 purchase to Defendant because they are relevant[1] recorded statements by the defendant that are in the government's control. *See United States v. Pesaturo*, 519 F. Supp. 2d 177, 187 (D. Mass. 2007) (alteration and quotation omitted) (Rule 16 (a)(1)(B)(i) cannot "reasonably be read to allow the government to withhold the non-defendant's side of the conversation.").

On the other hand, the Supreme Court has held that, in assessing the Government's obligations under Federal Rules of Civil Procedure 16 and 17, courts should "be solicitous to protect against disclosures of the identity of informants." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951); *see also United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981) ("[T]he Supreme Court [has] recognized the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." (quoting *Roviaro v. United States*, 353 U.S. 53, 77 (1957))). To the extent that an audio recording contains information that could identify a

---

[1] The Government does not dispute the relevance of the audio recordings. (*See* Doc. 65).

confidential informant, a transcript can satisfy the Government's Rule 16 obligations. *See United States v. Figueras*, No. 09CR103S, 2009 WL 1364640, at *1-2 (W.D.N.Y. May 14, 2009) (stating that the Government sufficiently articulated that producing the audio recordings would disclose the identity of the confidential informants involved and ordering the production of audio recording transcripts "containing the statements of the defendant, and the context of those statements by including the transcript of others recorded in the conversation" because the transcripts "allow[] the defendant to adequately prepare for trial in this matter while protecting the identity and safety of the government's confidential informants").

Here, Defendant argues that he needs a copy of the audio recordings to prepare his defense and "determine whether [he] recognizes the voice that is alleged to be his own, and if so to determine the nature of the conversation that is taking place." (Doc. 43, at 3). At the evidentiary hearing, the Government presented a witness, Detective Will Patton, a part-time Task Force Officer with the FBI's Steamtown Safe Streets Task Force, who was involved with the investigation of Defendant. (*See* Unofficial Transcript, at 4-25). Detective Patton testified that protecting the confidential informant's identity is necessary because the confidential informant used in the investigation of Defendant provided valuable information about many people who were charged and ultimately convicted of "extreme crimes of violence." (*Id.* at 18:12-15). Although Defendant may not present a danger to the confidential informant, if this confidential informant's identity were revealed, his/her "safety

4

would absolutely be in jeopardy" because there are "other persons in the community that wouldn't take kindly to somebody that they trusted for a long time" cooperating with the government. (*Id.* at 20:19-21:10). The confidential informant has already been "harmed by violent gang members in the Monroe County area." (*Id.* at 20:23-24). Balancing Defendants' rights under Rule 16, his ability to prepare his defense, and the need to protect the safety of the confidential informant, the Court finds that the Government's offer to provide Defendant with a redacted transcript of the audio recordings is sufficient at this time.[2] Defendant's motion to compel production of audio recordings (Doc. 42) will be denied without prejudice, and the Government must provide to Defendant a redacted transcript of the audio recordings produced during the second controlled purchase on August 3, 2016.

## B. Motion to Compel Disclosure of Confidential Informant

Defendant seeks disclosure of the identity of the confidential informant used in his investigation. (Doc. 40). He argues that such disclosure is warranted to discern whether the confidential informant was coerced into wearing a body recorder because the confidential informant may have had his/her "own trouble with the law" and "the exact nature of that trouble is important when trying to understand why the consensual recording was allowed." (Doc. 41, at 4). The Government opposes the release of this information because there is

---

[2] In so far as the Government calls this confidential informant as a witness at trial, Defendant will receive a copy of the audio recordings under the Jencks Act, which requires production of prior witness statements pertaining to the subject matter of his/her testimony after the witness has testified on direct examination at trial, in order to aid him in preparing his defense. 18 U.S.C. § 3500(b).

no evidence that the confidential informant was coerced under threat of incarceration or otherwise. (Doc. 65, at 7).

The Government has a qualified "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law." *United States v. Rovario*, 353 U.S. 53, 59 (1957). An individual seeking disclosure has the burden of establishing the significance of discovering the informant's identity. *Jiles*, 658 F.2d at 196-97. Although there is no fixed rule regarding when disclosure is necessary, "once a defendant sets forth a specific need for disclosure the court should balance the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 196 (internal quotation omitted). Mere speculation that the identity of an informant may provide the defendant with an opportunity to discover exculpatory evidence is "not sufficient to show the specific need required" to trigger this balancing of interests. *Id.* at 197. District courts have "substantial leeway . . . to determine on a case-by-case basis whether disclosure is warranted." *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993).

Here, Defendant fails to meet his burden to provide a specific need for the disclosure of an informant's identity. Though Defendant argues that disclosure is necessary to ascertain whether the confidential informant was coerced into wearing a body recorder, there is no evidence that the confidential informant was threatened with incarceration or otherwise. At the evidentiary hearing, Detective Patton explained the nature of the confidential informant's relationship with the Government. (*See* Unofficial Transcript, at 4-

6

25). Detective Patton conducted the confidential informant's onboarding interview where the confidential informant stated that he/she "was a long-time street gang member who [had] become disillusioned with life on the streets" and decided that he/she would rather voluntarily give information on street gang activity in the Pocono region for possible financial gain. (*Id.* at 6:13-18; 8:3-4). Detective Patton further testified that the only benefit discussed in compensation for the confidential informant's services was monetary in nature. (*Id.* at 8:7-9). The confidential informant was not the subject or target of a pending FBI investigation or previous FBI investigation, and there was never any kind of plea agreement, offer of leniency, or offer to seek judicial consideration in exchange for his/her services. (*Id.* at 11:13-23). Indeed, the confidential informant received $500.00 on one occasion for his cooperation. (*Id.* at 11:6-12). Defense counsel then conceded that based off the Government's testimony on the voluntariness of the confidential informant's participation "there's really nothing . . . where we're approaching involuntary statements." (*Id.* at 27:7-9). Since Defendant has not carried his burden of demonstrating the significance of disclosing the confidential informant's identity, Defendant's motion to compel disclosure of identity of confidential informant (Doc. 40) will be denied without prejudice.[3]

---

[3] To the extent that the Government calls this confidential informant to testify at Defendant's trial, the Government has acknowledged its responsibility to produce "all required materials under the Jencks Act," including "any records regarding the informant's agreement to work in exchange for pay, records regarding payments, criminal convictions, and other discoverable materials." (Doc. 65, at 12-13).

### C. Motion to Suppress Statements of Defendant

Defendant also seeks to suppress the contents of the audio recordings because he believes that the confidential informant was coerced into participation under threat of incarceration. (*See* Docs. 42, 43). As previously stated, the Government opposes this suppression motion because there is no evidence that the confidential informant was coerced under threat of incarceration or otherwise. (Doc. 65, at 7).

Under the Omnibus Crime Control and Safe Streets Act, "the contents of any wire, oral, or electronic communication," obtained in violation of this statute is prohibited from being "received in evidence in any trial, hearing, or other proceeding in or before any court." 18 U.S.C. § 2511(1)(d), § 2515. The Act, however, provides that it is proper "for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). In other words, "the warrantless recording of a conversation with the consent of one of the parties may be admitted into evidence in a federal prosecution." *United States v. Caple*, No. 3:07CR394, 2008 WL 5146556, at *8 (M.D. Pa. Dec. 8, 2008), aff'd, 403 F. App'x 656 (3d Cir. 2010) (internal alteration and quotation omitted). Assessing the totality of the circumstances, "[t]he ultimate test of voluntariness is whether . . . the consent was an exercise of free will or whether the actor's free will 'has been overborne and his capacity for self-determination critically

8

impaired.'" *United States v. Antoon*, 933 F.2d 200, 203 (3d Cir. 1991) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973)).

Here, there is no evidence that the confidential informant's free will was overborne regarding his decision to wear a body recorder. As established above, Detective Patton testified that the confidential informant voluntarily decided to cooperate with the government in exchange for financial compensation after becoming disillusioned with gang activity. (Unofficial Transcript at 6:13-18; 8:3-4). The confidential informant was not the subject or target of a pending FBI investigation or previous FBI investigation, and there was never any kind of plea agreement, offer of leniency, or offer to seek judicial consideration in exchange for his/her services. (*Id.* at 11:13-23). At the evidentiary hearing, Defense counsel even conceded that based on the government's testimony the confidential informant's consent does not appear to be involuntary. (*Id.* at 27:7-9). Therefore, Defendant's motion to suppress statements of Defendant (Doc. 45) will be denied without prejudice.

## III. CONCLUSION

For the above stated reasons, the Court will deny Defendant's motion to compel disclosure of identity of confidential informant (Doc. 40), motion to compel production of audio recordings (Doc. 42), and motion to suppress statements of Defendant (Doc. 45). An appropriate order follows.

_____7/23/70_____
Date

Robert D. Mariani
United States District Judge