THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : 3:17-CR-105 |
| v. | : (JUDGE MARIANI) |
| | : |
| JACKIE JOHNSON, | : (Related Case No. 3:22-cv-297) |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

On September 17, 2020, Defendant Jackie Johnson pleaded guilty to two counts of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Defendant was thereafter sentenced on February 26, 2021, to a term of imprisonment of 63 months to be followed by three years of supervised release. (Doc. 106). Presently before the Court is Defendant's *pro se* Motion "pursuant to 28 U.S.C. § 2255 by (a) person in custody" (Doc. 109). For the reasons stated below, the Court will deny Johnson's Motion.

### II. STANDARD OF REVIEW

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one

year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b); *see also*, 28 U.S.C. § 2255(a).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essing*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). If the court determines that the petitioner is entitled to relief under § 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *See* 28 U.S.C. § 2255(b).

Section 2255 also directs that, in some instances, the court "shall" hold an evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005), the Court of Appeals for the Third Circuit explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255, our caselaw has imposed limitations on the exercise of that discretion. In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of the Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). *See also* R. Governing § 2255 Cases R. 4(b). The District court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low threshold for habeas petitioners to meet." *McCoy,* 410 F.3d at 134 (quoting *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

432 F.3d at 545-546. Generally, the petitioner bears the burden of proof in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

3

### III. ANALYSIS

Johnson broadly states that the "factual basis for this Motion is 28 U.S.C. § 2255(a)(1), the judgment violates the Constitution or laws of the United States" and that "[p]ursuant to 28 U.S.C. § 2255(a)(2), the court lacked jurisdiction to enter a judgment." (Doc. 109, at 1). Although difficult to parse, Johnson's § 2255 motion appears to assert that he is entitled to relief because the United States is not a proper party to his criminal action and did not have standing to bring the action against him and therefore no case or controversy existed and this Court lacked jurisdiction over Johnson's case and to enter judgment. (*See generally*, Doc. 109). Johnson's claims are unsupported by any relevant case law or intelligible argument and have been repeatedly rejected by Courts within the Third Circuit as well as throughout the United States.

Preliminarily, this Court had jurisdiction over Johnson's case, and the authority to enter judgment, pursuant to 18 U.S.C. § 3231 which states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Further, the Controlled Substances Act ("CSA"), under which Defendant Johnson was charged and convicted, is a validly enacted and constitutional federal statute. *See e.g. Gonzalez v. Raich*, 545 U.S. 1, 9 (2005) ("The CSA is a valid exercise of federal power").

Although analyzed in a pre-trial posture, the Court in *United States v. Ellis*, undertook an extensive analysis in explaining why arguments similar to those made here by Johnson are without legal merit.

> to the extent *pro se* defendant has requested and intends to request such services [of a paralegal and private investigator] to aid him in presenting a motion to dismiss based on this court's Article III jurisdiction to hear the case and the United States Attorney for the Western District's "standing" to conduct the prosecution, the motion must be denied because it is based on indisputably meritless legal theory. Although *pro se* defendant has latched on to the notion that to have standing in an Article III civil controversy, the party bring[ing] the action must have a concrete stake in the litigation and have suffered an injury-in-fact, he fails to appreciate the distinctions to be drawn between a criminal case and a civil controversy. And while the broad language appearing in some of the more recent Supreme Court opinions expounding on the limitations of Article III standing would appear at first [blush] to be irreconcilable with the traditional mechanics employed in conducting criminal prosecutions, dogmatically drawing a corollary conclusion that federal criminal prosecution is outside the jurisdictional reach of Article III is tantamount to the "absurd." *See* Edward Hartnett, *The Standing of the United States: How Criminal Prosecutions Show that Standing Doctrine is Looking for Answers in all the Wrong Places,* 97 Mich.L.Rev. 2239 (1999) (to reason and conclude from the current status of the Court's Article III standing doctrine that "the vast majority of federal criminal prosecutions are not 'cases' or 'controversies' and the United States lacks standing to initiate them [would,] ... [o]f course, [amount to] an absurd result.").

2007 WL 2028908, *1 (W.D.Pa. 2007). The *Ellis* Court further explained that

> ... lest there be any question about this court's authority to exercise jurisdiction over defendant's prosecution, one need only survey the vast array of authority conceding that "the term 'cases' in Article III includes criminal prosecutions, while the term 'controversies' does not." Hartnett, *The Standing of the United States: How Criminal Prosecutions Show that Standing Doctrine is Looking for Answers in all the Wrong Places,* 97 Mich.L.Rev. at 2249 & n. 56 (collecting scholarly works in support). And while one can question the ramifications of this truism on the soundness of current Article III standing doctrine, that does not change the accepted principle the "[i]n criminal cases (and perhaps more

generally in Article III 'cases'), the judiciary is enforcing the sovereign's law rather than umpiring a preexisting dispute [and] [t]hus, criminal prosecutions demonstrate that, at least when exercising jurisdiction over the 'cases' enumerated in Article III, nothing in Article III limits the use of the federal judicial power to enforcement of the rights of individuals or prohibits the use of the federal judicial power to enforce the majoritarian sovereign will." *Id.* at 2251.

Nor can the authority of the United States attorney to prosecute offenses against the laws of the United States be seriously questioned. Through the passage of the Judiciary Act of 1789 Congress long ago gave officials acting under the authority of the Attorney General exclusive authority to control the resolution of all grand jury indictments charging federal crimes and permitted this authority to be exercised within each local district. *See* Harold J. Krent, *Executive Control over Criminal Law Enforcement: Some Lessons from History,* 38 AMULR 275, 293-96 (Winter, 1989). And the congressional directive to exercise this discretionary authority continues to this day and has a direct application to defendant's prosecution. *See* 28 U.S.C. § 547(1) ("... each United States attorney, within his district, shall-(1) prosecute for all offenses against the United States ..."); *see also* 28 U.S.C. § 541(a) ("The President shall appoint, by and with the advice and consent of the Senate, a United States attorney for each judicial district.").

. . . .

To suggest, as *pro se* defendant has implied, that the United States attorney needs an injury-in-fact or a personal stake in the outcome of the prosecution in order to exercise this core executive duty in addition to the constitutional authority granted by Article II is a proposition without any legislative, executive, or judicial support in the two-hundred and eighteen plus years that have passed since the passage of the Judiciary Act of 1789. In fact, the uniform consensus is to the contrary. See Hartnett, *The Standing of the United States: How Criminal Prosecutions Show that Standing Doctrine is Looking for Answers in all the Wrong Places,* 97 Mich.L.Rev. at 2251 ("In short, if-as all concede-the United States can prosecute crimes in the federal courts, then a 'case' within the meaning of Article III must include litigation that is based on nothing more than the 'harm to the common concern for obedience to law,' and the 'abstract ... injury to the interest in seeing that the law is obeyed.'").

*Id.* at * 2-3. The Third Circuit Court of Appeals has similarly, and summarily, rejected frivolous standing and jurisdictional arguments like those raised by Johnson. *See e.g.,*

6

*United States v. Daniels*, 48 F.App'x 409, 417-418 (3d Cir. 2002) ("Appellant finally argues that the United States lacks standing to bring a criminal action against him in federal court because the indictment fails to present a 'cas[e]' or 'controvers[y]' as required by Article III, Section 2 of the Constitution. U.S. Const. Art. III, sec. 2. Presumably, this is because, in Appellant's view, his crimes did not inflict the 'concrete' and 'imminent' injury in fact' on the United States that Article III requires civil litigants to demonstrate to have their claims adjudicated in federal court[.] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). This contention is frivolous. As sovereign, the United States has standing to prosecute violations of valid criminal statutes."); *United States v. Yarbrough*, 452 F.App'x 2011 (3d Cir. 2011) ("The Government doubtlessly suffers an 'injury in fact' when a defendant violates its criminal laws. . . Because the Government has standing to enforce its own laws, [Defendant's] argument that the Government has failed to allege an injury in fact is frivolous.") (internal citations omitted). *See also*, *United States v. Galletta*, 2023 WL 4565477 (E.D.Pa. 2023) (denying § 2255 petition and finding that Defendant's "claim that the government lacks criminal standing is completely frivolous"); *Rice v. Farley*, 2014 WL 2441260, *3 (E.D. Ky. 2014) (rejecting Defendant's § 2241 petition because Defendant should have raised his constitutional claims under § 2255 but finding that, regardless, the argument that the United States lacked standing and the district court was without jurisdiction was meritless, explaining "while there is no doubt whatsoever that the United States had standing to pursue a criminal action against [Defendant] – and therefore,

7

that the district court had jurisdiction in his case – that universally accepted conclusion is hardly inconsistent with the constitutional requirement of a concrete, individualized interest in *private* litigation. Standing is no more than the litigable interest necessary to create a case, and when it comes to the government, wrongs to the public at large – generalized grievances – will do."); *Sessum v. United States*, 2020 WL 1243783, *7-10 (S.D.N.Y. 2020) (collecting cases and rejecting Petitioner's argument in § 2255 motion that Government did not have standing to prosecute and Court did not have subject matter jurisdiction to adjudicate his case).

Finally, the Court notes that Johnson does not assert that he received ineffective assistance of counsel, that his guilty plea was not knowing and voluntary, or that the judgment in this case was otherwise the result of an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice," *Eakman*, 378 F.3d at 298. Rather, Johnson's entire § 2255 rests on his frivolous assertion that the Government lacked standing in this matter and the Court was without jurisdiction to adjudicate the action and enter judgment. Any further analysis of the proceedings in this case is therefore unnecessary.

## IV. EVIDENTIARY HEARING

Section 2255(b) advises that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The decision to hold a hearing is wholly within the discretion of the district court." *Eckenberger v. United States*, 2022 WL 609208, at *5 (M.D.Pa. March 1, 2022) (citing *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). In this case, no evidentiary hearing is necessary because "the motion and files and records of this case show conclusively that the movant is not entitled to relief." *Eckenberger*, 2022 WL 609208, at *5 (M.D.Pa. March 1, 2022) (internal quotations and citations omitted)).

## V. CERTIFICATE OF APPEALABILITY

"A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability ['COA']." *United States v. Bristol*, 2022 WL 2068048, at *8 (E.D.Pa. June 8, 2022) (citing 28 U.S.C. § 2253(c)(1)). The petitioner must make a "substantial showing of the denial of a constitutional right" for the district court to issue a COA, which requires a showing that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a COA is not warranted on Johnson's claims because the Court finds that reasonable jurists would not find this Court's the resolution of the constitutional claims debatable or wrong.

9

## VI. CONCLUSION

For the aforementioned reasons, the Court will deny Johnson's *pro se* Motion pursuant to 28 U.S.C. § 2255 (Doc. 109). A separate Order will follow.

_____
Robert D. Mariani
United States District Judge